IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAMERON L.,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW SAUL, Commissioner of Social Security Administration;<br><br>Defendant. | 8:20CV440<br><br>**MEMORANDUM AND ORDER** |

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application for Supplemental Security Income benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* Plaintiff claimed to be disabled because he is legally blind, suffers from mental illness, and has a brain tumor and pierced heart. (Tr. 197.)

Presently before the court are two identical motions requesting appointment of counsel, in which Plaintiff recites:

1. I am Blind and do not have the means, tools, or facilities to do any research, file motions or receive any assistance.
2. I suffer numerous mental disorders.
3. Not legally qualified or educated in any legal field.
4. I do not have any necessary skills to prepare or comprehend.
5. I am incompetent with limited comprehension.
6. I am unable to take effective actions.

\* \* \*

Plaintiff brings to the Court's attention that plaintiff is financially unsound, homeless, have no funds available or within his means, and receives food stamps with no funds from the state.

> In support of this motion, Plaintiff states that diligent effort and actions have been made via letters to numerous counsels to represent him this matter. They responded that they do not take federal cases without payment or voluntarily.
>
> In further support of this motion, Plaintiff states that a very diligent effort has been made to obtain the representation of counsel by contacting legal aid organizations, lawyer referral services, and pro bono attorneys. Nothing has come forward. They have stated that they either do not handle federal case or must be appointed by the Court.

(Filings 13, 17.) Plaintiff states that the motion "was made with the help of a legal assistant."

"Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (quoting *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). "Rather, when an indigent [plaintiff] has pleaded a nonfrivolous cause of action, a court 'may' appoint counsel." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The authority to do so is set forth in 28 § U.S.C. 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." *See Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020).

"[R]elevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794. However, that these five factors are "by no means an exclusive checklist." *Crozier*, 973 F.3d at 889 (quoting *Johnson v. Williams*, 788 F.2d 1319, 1323 (1986); *In re Lane*, 801 F.2d 1040, 1044 (8th Cir. 1986); *Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992)). The district court may also consider the merits of the claim and the plaintiff's efforts to obtain counsel. *See id.*; *Hale v. North Little Rock Housing Authority*, 720 F.2d 996 (8th Cir. 1983) (per curiam).

The issues in this case are not factually complex, and there do not appear to be any complex legal arguments. Plaintiff claims the administrative law judge (ALJ)

was biased and "mad" because plaintiff was unrepresented at the administrative hearing. Plaintiff also claims the ALJ disregarded evidence and wrongly "assumed that a Blind Plaintiff with mental and physical handicaps – seizures, PTSD, heart-chest problems, paranoid personality disorder, voices, delusions, hallucinations, and more can function at work and home as others." (Filing 1.)

No factual development will be required, nor will there be trial with witnesses. The case will be submitted to the court on written briefs, with no oral argument, and the matter will be determined based upon a review of the administrative record the Commissioner placed on file on March 2, 2021. (Filing 19.)

While the court does have concerns about Plaintiff's physical and mental ability to present his claims, it is not convinced Plaintiff has made a diligent effort to obtain counsel on his own. Plaintiff's statements that the attorneys whom he has contacted have said "they do not take federal cases without payment or voluntarily," suggest he has not contacted counsel whose practice areas include Social Security appeals. Such attorneys can easily be located in the Yellow Pages or by means of an internet search. The local Social Security office may be another resource.

"Most plaintiffs in social security cases experience little difficulty in obtaining representation if they seek it. Upon request, the Social Security Administration generally provides the plaintiff with a list of attorneys in the area willing to take these types of cases. Additionally, because the Equal Access to Justice Act, 28 U.S.C. § 2412, *et seq.,* provides for the recovery of attorney fees to a prevailing plaintiff, the attorney is assured of payment if the claim is successful." *Kirkpatrick v. Astrue*, No. CIV.A. 08-0407, 2008 WL 879407, at *2 (W.D. La. Mar. 31, 2008).

Under the provisions of General Order No. 2015-05 (Filing 3), Plaintiff is required to file a motion for an order reversing the Commissioner's decision, with a supporting brief, by April 1, 2021 (30 days after the filing of the administrative record). The court on its own motion will now extend that deadline by 60 days, until June 1, 2021, in order to give Plaintiff additional time to obtain counsel. If Plaintiff is unable to obtain counsel within a reasonable time, despite making good faith efforts, he may file another motion for appointment of counsel and document his

3

efforts by providing the court with: (1) the lawyers' names; (2) their addresses; (3) a description of how and when the plaintiff contacted each lawyer; and (4) the lawyers' responses. *See, e.g., Nelson v. Saul*, No. 19-CV-1387-BHL, 2020 WL 6063497, at *3 (E.D. Wis. Oct. 14, 2020) (requiring plaintiff in Social Security appeal to show his good faith efforts to obtain counsel). The court would expect Plaintiff to contact no less than 3 attorneys who are experienced in handling Social Security appeals.

To be clear, Plaintiff does not need to wait until June 1, 2021, before filing another motion for appointment of counsel—such a motion can be filed whenever Plaintiff believes he has satisfied his obligation to make a good faith effort to obtain counsel on his own. Plaintiff is also free to file a motion and supporting brief for reversal of the Commissioner's decision at any time before June 1, 2021. If additional time is needed, Plaintiff may also file a motion for an extension of that filing deadline.

IT IS THEREFORE ORDERED:

1. Plaintiff's motions for appointment of counsel (Filings 13, 17) are denied without prejudice to reassertion.

2. The deadline established in paragraph 2 of General Order No. 2015-05 (Filing 3) for Plaintiff to file a motion for an order reversing the Commissioner's decision, together with a supporting brief, is hereby extended to June 1, 2021.

Dated this 3rd day of March, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

4