IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAMERON LYONS,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW SAUL, Commissioner of Social Security Administration;<br><br>　　　　　Defendant. | 8:20CV440<br><br><br>**MEMORANDUM<br>AND ORDER** |

　　　This matter is before the court on Plaintiff's third motion for appointment of counsel (Filing 25). The court carefully explained in its previous Memorandum and Order (Filing 21) the reasons why it could not appoint counsel for Plaintiff, including his failure to make a satisfactory showing of attempts to obtain counsel on his own. Plaintiff's current motion is not accompanied by such a showing.

　　　Instead, Plaintiff requests appointment of counsel as an accommodation under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Federal courts are not "public entities" subject to the public services provisions of Title II of the ADA. *See Clay v. Wall*, No. CV 17-506WES, 2019 WL 113718, at *3 (D.R.I. Jan. 4, 2019) (citing cases). Additionally, "[f]ederal courts are not subject to the Rehabilitation Act since federal courts are not encompassed in the definition of 'program or activity' to which the statute applies." *Id.* (quoting *In re Sheridan*, 362 F.3d 96 (1st Cir. 2004)). Moreover, even at the state level, "there is no requirement under the ADA that courts provide legal counsel for a person with disabilities." *Douris v. New Jersey*, 500 F. App'x 98, 101 (3d Cir. 2012).

　　　IT IS THEREFORE ORDERED that Plaintiff's third motion for appointment of counsel (Filing 25) is denied without prejudice.

　　　Dated this 22nd day of March, 2021.

　　　　　　　　　　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　*Richard G. Kopf*
　　　　　　　　　　　　　　　　　　　Richard G. Kopf
　　　　　　　　　　　　　　　　　　　Senior United States District Judge