## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CAMERON L.,<br><br>          Plaintiff,<br><br>     vs.<br><br>KILOLO KIJAKAZI, Acting<br>Commissioner of the Social Security<br>Administration;<br><br>          Defendant. | **8:20CV440**<br><br><br>**MEMORANUDM**<br>**AND ORDER** |

Plaintiff has filed three identical motions "to disagree with Commissioner's decision based on truth and facts" (Filings 44, 45, 46), in which he states that he had two major seizures on January 11, 2022, for which he was transported to the hospital but was not admitted. As with Plaintiff's prior motion (Filing 41), which was denied by the court on January 25, 2022 (see Filing 43), these motions will be treated as requests for relief from judgment filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777-78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)); *see also Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.") (citing *Atkinson v. Prudential Prop. Co*., 43 F.3d 367, 373 (8th Cir. 1994)).

Plaintiff's motions fail to assert any appropriate grounds for relief under Rule 60(b), either explicitly or implicitly. Judicial review under 42 U.S.C. § 405(g) generally precludes consideration of any evidence outside the record before the Commissioner during the administrative proceedings. *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997). Remand is appropriate only upon a showing by the claimant "that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *see also Thomas v. Sullivan,* 928 F.2d 255, 260 (8th Cir.1991). "An implicit requirement is that the new evidence pertain to the time period for which benefits are sought, and that it not concern later-acquired disabilities or subsequent deterioration of a previously non-disabling condition." *Jones*, 122 F.3d at 1154. "Additional evidence showing a deterioration in a claimant's condition significantly after the date of the Commissioner's final decision is not a material basis for remand, although it may be grounds for a new application for benefits." *Id.* Plaintiff had a full and fair opportunity to litigate his claim, and the court can find no valid reason to set aside its judgment affirming the Commissioner's decision.

IT IS THEREFORE ORDERED that Plaintiff's Rule 60(b) motions for relief from judgment (Filings 44, 45, 46) are denied.

Dated this 11th day of February 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge